UNITED STATES DISTRICT COURT
                        DISTRICT OF MASSACHUSETTS

                                    )
UNITED STATES                       )
                                    )
          v.                        )  CRIMINAL NO. 07-10126-PBS
                                    )
ROBERT PIPKINS,                     )
          Defendant.                )
                                    )

                         **MEMORANDUM AND ORDER**

                            January 29, 2007

Saris, U.S.D.J.

   Defendant Robert Pipkins, charged with unlawful gun possession, moves to suppress statements he made to the police on January 17, 2007 on the ground that they were not voluntary.  At the hearing, Boston Police officers Terry Cotton, Shawn Acloque, Gary Barker, and Michael DeStefano testified for the government. After hearing, the motion (Docket No. 17) is **DENIED**.

                           **FINDINGS OF FACT**

   On January 17, 2007, fourteen officers from the Boston Police Department executed a search warrant on a second floor apartment located at 36 Hartwell Street, Roxbury, Massachusetts. The police officers believed drugs were being distributed out of the apartment, and based their belief on an investigation that involved controlled buys and that was based on information from a reliable confidential informant.  The targets of the search were Pipkins and a woman believed to be named Veronica Long.

   After a forcible entry, the police found Kena Long, the girlfriend of Pipkins and the sister of Veronica Long, and her two five-year-old twins.  The twins were not Pipkins's children.

The police erroneously believed at the time that Veronica resided at the apartment, when in fact her sister, Kena, resided there. Pipkins was not on the premises at the time of the search.

During the search, the police found drugs and money hidden in large, male Timberland shoes on the stairs leading to the apartment. At some point during the search, the police also recovered a Ruger .380 caliber semi-automatic handgun on the back stairway leading to the attic. The police handcuffed Kena Long and, at her request, took her children to a neighbor's apartment. The police also made arrangements for the children's grandmother to come and take care of the children because the police intended to arrest Kena.

Although Kena told the police that the recovered drugs and gun belonged to Pipkins, the police told her that she would be arrested if Pipkins did not return. Officer Gary Barker then instructed Kena to call Pipkins on his cell phone to persuade him to return home. After she pleaded with Pipkins to return, Barker got on the cell phone to tell him to return. Subsequently, Barker placed a second call directly to Pipkins.

Pipkins eventually returned to the premises, and was promptly taken into custody, handcuffed, and Mirandized. Barker asked whether Pipkins had a gun, and where. Pipkins said there was a gun on the back stairs, and that the gun and drugs recovered by the police were his. At some point, Pipkins, obviously concerned about his girlfriend Kena, asked what would happen to her. Barker told Pipkins that Kena would not be arrested but would be charged. The police never threatened to

arrest Kena unless Pipkins confessed.

The police had information from its confidential informant that Kena Long was involved in drug distribution from the apartment.  However, the police did not believe that the gun was hers.  Kena was not arrested that night but instead was summoned to court.  Kena was later criminally charged, but the charges were dismissed.

## DISCUSSION

The government bears the burden of proving voluntariness by a preponderance of the evidence.  Lego v. Twomey, 404 U.S. 477, 489 (1972).  To determine voluntariness, courts look to the "totality of the circumstances," and have considered a variety of factors in assessing the voluntariness of confessions, including "the crucial element of police coercion; the length of the interrogation; its location; its continuity; the defendant's maturity; education; physical condition; and mental health. " Withrow v. Williams, 507 U.S. 680, 693-94 (1993)(internal citations omitted).  Courts have also considered whether the defendant was in the custody of the police at the time of the interrogation.  Stansbury v. California, 511 U.S. 318, 322-23 (1994).

Under the totality of the circumstances, I find that Pipkins's confession was voluntary.  Pipkins argues that his confession was not voluntary because he was handcuffed, there were many officers, and the police threatened charges against his girlfriend to pressure him.  However, the defendant was read his Miranda rights and had an extensive criminal background.  While

he returned to the apartment out of concern for his distraught girlfriend, there is no persuasive evidence that the police threatened Pipkins with the arrest of his girlfriend unless he confessed to possession of the gun recovered.  See <u>United States v. Jones</u>, 32 F.3d 1512, 1517 (11th Cir. 1994)(holding that confession was voluntary where police truthfully informed suspect that girlfriend could be prosecuted).

## ORDER

For the above stated reasons, defendant's motion (Docket No. 17) is **DENIED.**

                                        **S/PATTI B. SARIS**
                                        United States District Judge